# United States District Court

**WESTERN DISTRICT OF MICHIGAN**

**UNITED STATES OF AMERICA**

v.

**ANGEL MIGUEL FERNANDEZ**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:11-CR-89

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] under 18 U.S.C.§924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [ ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 29-year-old charged with being a felon in possession of ammunition. He also stands convicted of domestic violence in Grand Rapids and is awaiting sentence. He is also pending trial in Wyoming, MI, on a delivery/manufacturing of marijuana charge. A $50,000 cash/surety bond has not been posted.

During his brief adulthood, defendant has been convicted 21 times of various crimes ranging from drugs to violent crimes (assault and battery) to driving while license suspended to retail fraud. He is currently (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant for future court proceedings in light of his demonstrated disregard of the legal system. Defendant's criminal record has occurred entirely in the Greater Grand Rapids area. Defendant has seldom spent more than a few days in jail on any of his 21 charges (although he was sentenced to serve six months on two charges, which probably ran concurrently). Having spent very little time (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 29, 2011

/s/ Hugh W. Brenneman, Jr.
_Signature of Judicial Officer_

Hugh W. Brenneman, United States Magistrate Judge
_Name and Title of Judicial Officer_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **ANGEL MIGUEL FERNANDEZ**
1:11-CR-89
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

under a PPO resulting from a domestic violence conviction earlier this year.

Defendant has been smoking marijuana daily for the past dozen years, and has experimented with cocaine.

Defendant has also failed to appear in court on 19 occasions. One occasion was for a trial and another occasion was for sentencing.

**Part II - Written Statement of Reasons for Detention** - (continued)

in jail, despite 21 convictions and 19 failures to appear, there is no reason to believe defendant will show this court any more respect than he has the Grand Rapids courts.